UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRATER CORPORATION, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:98CV00913 ERW |
| ) | |
| LUCENT TECHNOLOGIES, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Status Conference, ordered to determine how to implement the Federal Circuit Court of Appeals opinion [doc. #264] remanding the case to this Court for further adjudication.

Plaintiff Crater Corporation (Plaintiff) sued Defendants Lucent Technologies, Inc., and AT&T Co. (Defendants), in this Court, alleging that Lucent infringed Plaintiff's U.S. Patent No. 5,286,129, a patent directed to an underwater coupling device. Plaintiff also asserted state law claims against Defendants for misappropriation of trade secrets and breach of contract. This Court dismissed Plaintiff's patent infringement claims and the state law claims. On appeal, the dismissal of the patent claims was affirmed, but the dismissal of the state law claims was vacated and the matter remanded. On remand, the Court determined that the government's proper assertion of the Military and State Secrets privilege made it impossible for Plaintiff to engage in discovery or to make out a prima facie case of misappropriation of trade secrets or breach of contract and for Defendants to defend against Plaintiff's claims; the Court therefore dismissed Plaintiff's state law claims.

Plaintiff appealed the dismissal of its state law claims, and the United States Court of Appeals for the Federal Circuit determined that the Court did not err in sustaining the government's assertion of the state secrets privilege, but that the Court did err in dismissing Plaintiff's state law claims. The Court of Appeals determined that further proceedings were required because the record in the case was not sufficiently developed to enable a determination of the effect of the government's assertion of privilege on the state law claims. The Court of Appeals stated that on remand, after the Court determines the precise nature of Plaintiff's state law claims, the Court should determine which, if any, of the documents sought in discovery may be produced in the face of the government's assertion of the state secrets privilege.

Following remand, on August 31, 2006, Plaintiffs filed a Second Amended Complaint, and Defendants responded on September 20, 2006. Plaintiffs also filed a brief, and documents in support, to support its contention that it can make a prima facie case for each of its two state law claims. There were six specific areas that the Court of Appeals required Plaintiffs make a showing on, in order to support their prima facie case. Those areas were: (1) the precise trade secrets that exist in connection with the Crater coupler; (2) which of those trade secrets Plaintiff alleges were misappropriated; (3) whether a contract existed between Plaintiff and Defendant; (4) if a contract did exist, its terms; (5) which of the contract's terms Plaintiff alleges were breached; and (6) what constituted the alleged breach.

In order for the parties and this Court to comply with the Federal Circuit's opinion, it is necessary to determine whether the Plaintiff has provided sufficient evidence in support of its prima facie case, and subsequently, for this Court to determine whether proof of those specific issues will require documentation protected by the state secrets privilege. The Court held a hearing on November 29, 2006, to determine how the case should move forward.

As an initial matter this Court notes that Counts 3, 4 and 6 of Plaintiff's Second Amended Complaint allege claims resulting from Patent Infringement, which are identical to those in Plaintiff's First Amended Complaint [doc. #21]. These claims were dismissed in this Court's August 25, 1999 order [doc. #140], and this dismissal was upheld by the Federal Circuit Court of Appeals. Therefore the Patent Claims asserted in the Plaintiff's Second Amended Complaint will be dismissed.

At Plaintiff's request the parties will be given an opportunity to confer with the United States Department of Navy, to determine whether documents may be voluntarily produced pertaining to the Crater Coupler, or devices that may contain Crater Trade Secret technology. Accordingly,

**IT IS HEREBY ORDERED** that Counts 3, 4, and 6 of Plaintiff's Second Amended Complaint are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the parties shall notify the Court of any progress made during negotiations with the United States Department of Navy, no later than **December 13, 2006**.

**IT IS FURTHER ORDERED** that Defendants may immediately serve Document Requests and up to 25 Interrogatories on Plaintiff.

**IT IS FURTHER ORDERED** that Defendants may serve notice to take depositions of Charles Monty, Steve VanKeuren and Philip French, or arrangements may be made with Plaintiff's counsel for the taking of those depositions, pursuant to Rule 30(d) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that:

1. Any motions to dismiss, motions for summary judgment or motions for judgment on the pleadings must be filed no later than **March 1, 2007**. Briefs in opposition shall be filed within twenty (20) days and any reply briefs shall be filed within five (5) days.

2. Depending upon this Court's rulings, a trial date will be set after ruling any dispositive motions.

Dated this 29th Day of November, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE