UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CRATER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:98CV00913 ERW |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>**MEMORANDUM AND OPINION**</u>

This matter comes before the Court on Crater Corporations' Motion to be Allowed Discovery Before Trial [doc. #311].

Crater Corporation ("Plaintiff") brought the pending action against Lucent Technologies, Inc. and AT&T Company (collectively, "Defendants") almost ten years ago.[1]  Plaintiff alleged patent infringement and state law claims for misappropriation of trade secrets and breach of contract, and the Court dismissed these claims in 1999.  *See Crater Corp. v. Lucent Technologies, Inc.*, 1999 WL 33973795 (E.D. Mo. Aug. 25, 1999).  On appeal, the dismissal of the patent claims was affirmed, but the dismissal of the state law claims was vacated and the matter remanded.  *Crater Corp. v. Lucent Technologies, Inc.*, 255 F.3d 1361 (Fed. Cir. 2001).  On remand, the Court determined that the government's proper assertion of the military and state secrets privilege made it impossible for Plaintiff to engage in discovery or to make out a prima facie case of misappropriation of trade secrets or breach of contract and also inhibited Defendants in defending against Plaintiff's claims.  *Crater Corp. v. Lucent Technologies,*

---

[1] Plaintiff's Complaint was filed on May 22, 1998.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Inc.*, 2004 WL 3609347 (E.D. Mo. Feb. 19, 2004).  On this basis, the Court dismissed Plaintiff's state law claims.  *See id.*

Plaintiff appealed the dismissal of its state law claims, and the United States Court of Appeals for the Federal Circuit determined that the Court did not error in sustaining the government's assertion of the state secrets privilege, but that the Court did error in dismissing Plaintiff's state law claims.  *Crater Corp. v. Lucent Technologies, Inc.*, 423 F.3d 1260 (Fed. Cir. 2005).  The Federal Circuit determined that further proceedings were required because the record in the case was not sufficiently developed to enable a determination of the effect of the government's assertion of privilege on the state law claims, and again remanded this action.  *Id.*

On remand, Defendants filed a Motion for Summary Judgment, and on December 28, 2007, the Court issued a Memorandum and Order granting summary judgment on many of Plaintiff's claims.  Still pending before the Court are Plaintiff's claims for breach of contract based on (1) Plaintiff's claim that defendants disclosed information and design knowledge to Unique Tool, and on (2) Plaintiff's claim that Defendants did not only make Crater Couplers at their facility in Whippany, New Jersey.

As this case is past summary judgment and has been pending for nearly ten years, Plaintiff's discovery request initially appears untimely.  However, the Court recognizes that Plaintiff's prior discovery has been limited due to the invocation of the state secrets privilege, and Plaintiff does have a legitimate need to conduct further discovery.  That being said, Plaintiff's proposed discovery extends far beyond any relevance to the remaining claims.  *See* Fed. R. Civ. P. 26.  The Court will not permit Plaintiff to have discovery to collect irrelevant information and Plaintiff's discovery must be limited to information and documents relevant to the claims that are still pending before the Court.  The Court does not believe that the state secrets privilege will

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

impede Plaintiff's discovery of information or documents relating to the two claims that are pending before the Court, but notes that information tangentially related to Plaintiffs claims is protected by this privilege. Plaintiff will not be allowed to discover any documents or information protected by the state secrets privilege.

## I.    DEPOSITIONS

Defendants claim that Plaintiff has already deposed most or all of the individuals listed in the Memorandum Plaintiff submitted to the Court. The Court is persuaded by Plaintiff's argument, however, that when these individuals were deposed some time ago, the scope of the case was much different and Plaintiff was prevented from getting information needed to prosecute these claims. The Court will permit Plaintiff to depose Paul Rominski, Ken Nagengast, and either John Mariana or Barry Lack. Additionally, Plaintiff may depose any individual produced by Unique Tool in response to Plaintiff's Affidavit. All depositions are to be narrowly tailored to questions relevant to the two claims pending before the Court.

## II.    DOCUMENTS

The Court finds that Plaintiff's document requests directed to Defendants # 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 21, 23, and 25 are not relevant to the claims remaining before the Court. Defendants must respond to document requests # 2, 14, 20, 22 and 24. However, document requests # 2, 14, 20 and 24 are to be narrowed. These requests are to be construed as seeking only information relating to the agreement between Defendants and Unique Tool. For example, Defendants must provide Plaintiffs with any documents relating the contract with Unique Tool and any invoices or bills to or from Unique Tool.

The Court has also reviewed the document requests Plaintiff proposes to submit to Unique Tool, and at this time finds that they are appropriate to the scope of this litigation.

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## III. INTERROGATORIES

The Court finds that Plaintiff's interrogatories numbered 1, 2, 3, 8, 9, 10, 11, 12, 16, and 18 are not relevant to the claims remaining before the Court. Defendants must respond to Plaintiff's interrogatories numbered 4, 5, 6, 7, 13, 14, 15, 17, 19 and 20.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to be Allowed Discovery Before Trial [doc. #311] is **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

## I. SCHEDULING ORDER

1.      The parties shall have all depositions completed no later than **May 1, 2008**.

2.      The parties shall complete <u>all</u> discovery in this case no later than **May 1, 2008**.

3.      Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4.      The final Pretrial Conference will be held on **July 25, 2008**, at **8:30 a.m.** in Courtroom 12 South of the U.S. District Court.

## II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **August 4, 2008**, at **8:30 a.m.** in Courtroom 12 South of the U.S. District Courthouse.   This is a **three** week docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

settled by the parties at a time too late to cancel the jury attendance or to use the summoned

jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than**

**twenty (20) days prior to the date set for trial:**

1.       Stipulation:  Meet and jointly prepare and file with the Clerk a JOINT Stipulation

of all uncontested facts, which may be read into evidence subject to any objections of any party

set forth in said stipulation (including a brief summary of the case which may be used on Voir

Dire).

2.       Witnesses:

(a)       Deliver to opposing counsel, and to the Clerk, a list of all proposed

witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)       Except for good cause shown, no party will be permitted to call any

witnesses not listed in compliance with this Order.

3.       Exhibits:

(a)       Mark for identification all exhibits to be offered in evidence at the trial

(Plaintiffs shall mark exhibits P-1, P-2, P-3, etc.  Defendants shall mark exhibits D-1, D-2, D-3,

etc.)  and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that

will be introduced into evidence and those that may be introduced.  The list shall clearly indicate

for each business record whether the proponent seeks to authenticate the business record by

affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b)       Submit said exhibits or true copies thereof, and copies of all affidavits or

declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) All written exhibits, exceeding one page, in documentary form to be offered in evidence that will be shown to the jury must be accompanied by an exact duplicate for each juror. (**This does not apply to exhibits shown electronically**.) No exhibit shall be shown to the jury in opening statements or at any other time until it is received in evidence or the Court has granted permission for the exhibit to be shown to the jury.

(d) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing **at least fifteen (15) days prior to trial** may be considered waived.

4. Depositions, Interrogatory Answers, and Request for Admissions:

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. **At least fifteen (15) days before trial,** opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

(b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. Instructions:

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(a)    Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions **at least fifteen (15) days before trial** in light of opposing party's requests for instructions.  (Each request must be supported by at least one pertinent citation.)

(b)    Eighth Circuit Jury Instructions will be used in all cases if available.  If instructions from any other source are proffered, they must be accompanied by case authority.

(c)    Parties shall submit a "clean" copy and a "dirty" copy of each instruction proffered.  A "clean" copy for the jury will reflect only "Instruction No. ____" at the top with no further explanatory comments at the top or bottom of the page.

**6.**    Trial Brief:  Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7.**    Motions In Limine:  File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, **at least fifteen (15) days before trial.**

Failure to comply with any part of this order may result in the imposition of sanctions.

Dated this 11th day of February, 2008.


_E. Richard Webber_

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com